UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| JANELL BRAXTON | ) | |
|     *Appellant* | ) | |
| vs. | ) | Appeal No. 22-3003 |
| | ) | |
| WALMART INC. | ) | Appeal from US District Court (Kansas) |
|     *Appellee* | ) | |

**REPLY IN FURTHER SUPPORT OF
BRAXTON'S MOTION TO CERTIFY QUESTION OF STATE LAW**

Walmart offers three reasons why Braxton's motion should be denied: (1) Braxton waived her request by not making it in the District Court; (2) the question proposed for certification is not dispositive; and (3) Braxton's argument fails on the merits. Braxton addresses each argument in turn.

1. **Braxton did not Waive her Right to Move for Certification**

Braxton did not seek certification in the District Court, and is aware this Circuit "generally" will not certify a question in such circumstances. But that does not mean Braxton "waived the opportunity to seek certification." *Cf. Walmart's Opposition*, at 4. Neither this Circuit's Local Rules, nor its precedent *require* such a motion be filed in district court prior to being filed here.

The Tenth Circuit has "independent authority" to grant a motion to certify a question of state law. *See Pino v. U.S.*, 507 F.3d 1233, 1235 (10th Cir. 2007). In *Pino*, the appellant asked this Circuit to certify a question of state law, or alternatively, reverse the district court's refusal to do so. *Id.* This Circuit not only abstained from reviewing the lower court's decision–it explained why such a review is unnecessary. *See id.* "A motion

for certification may be brought ***independently*** and ***anew*** to the court of appeals." *Id.* (emphasis added). If a motion may be brought "independently," that means it was not required to be filed in district court. If a motion may be brought "anew," that means the movant may advance new arguments and there is no preservation requirement. If these things are not true, this Circuit would lack the "independent authority" established by Circuit Rule 27.1 and discussed in *Pino* by Judge (now Justice) Gorsuch.

Of course, there are many opinions considering the movant's decision not to seek certification in district court. That may be a *factor* to consider, but treating it as a strict requirement that results in waiver conflicts with Rule 27.1 and most of the opinions cited by Walmart. For example, the denial of the motion in *Massengale v. Oklahoma Bd. of Examiners in Optometry* mentions the failure to seek certification in district court, but the decision was based on the Court's satisfaction that certification would not "expedite" the resolution of the dispute. 30 F.3d 1325, 1331 (10th Cir. 1994). The decision here should not hinge upon Braxton's failure to seek certification in the district court, it should be guided by the applicable "standards for certification." *Pino*, 507 F.3d at 1235.

A motion to certify should be granted where a matter of state law: (1) "may be determinative" and (2) is "sufficiently novel" or "unsettled." *Id.* at 1236. The Court remains mindful "that the judicial policy of a state should be decided when possible by state, not federal, courts." *Id.* This Circuit previously certified a question to the Kansas Supreme Court where the movant did not seek certification in district court. *Pfeifer v. Federal Express Corp.*, 455 Fed.Appx. 813 (10th Cir. 2011) (granting motion); *Pfeifer v. Federal Express Corp.*, No. 11-3064, Appellee's Response in Opposition to Motion to

<u>Certify Question to the Kansas Supreme Court</u>, Document: 01018637053 (10th Cir. 05/09/2011) (suggesting denial because appellant did not seek certification below). Notably, the underlying cause of action was the same as Braxton's – a public policy claim of retaliatory discharge alleging retaliation for exercising workers' compensation rights. The decision was based on the important public policy aspect of the claim absence of clear precedent. *See generally Pfeifer*, 455 Fed.Appx. 813.

Instead of making a decision based on the absence of a motion in district court that was not required by the Kansas Statute or Circuit Rule 27.1, the better course will be to address Braxton's motion on the merits.

**2. The Question Presented is "May Be Determinative"**

Considering the applicable law and procedural history, Walmart's second argument – that the question presented for certification cannot be determinative – is a bit perplexing. The parties agree that *McDonnell Douglas* burden shifting generally applies to Braxton's claim of retaliatory discharge. The second stage of the burden-shifting analysis requires the employer to articulate a "nonretaliatory reason for its termination decision." *Walmart's Opposition*, at 8, fn.2. If an employer does not sufficiently articulate a legitimate reason for its conduct, summary judgment must be denied. *Figueroa v. Pompeo,* 923 F.3d 1078, 1088-89 (D.C. Cir. 2019) (reversing summary judgment where employer provided vague reason). If Walmart's purported explanation for firing Braxton is not "legitimate," then summary judgment was granted in error.

Walmart's articulated reason for firing Braxton is that she reported a workplace injury one day after it happened. Braxton argues that firing an employee for that reason

violates the public policy of Kansas, as reflected in its workers' compensation laws. Therefore, Walmart's explanation is insufficient to defeat a claim of retaliatory discharge, which is premised on protecting the public policy underpinning the workers' compensation laws. If Braxton is correct, then Walmart failed to meet its burden of production and reversal is required.

Walmart says this issue cannot be determinative while tacitly admitting the opposite is true. Walmart acknowledges Braxton presented this argument to the district court twice. *Walmart's Opposition*, at 2. Walmart goes on to say that and each time, "the district court correctly **held** that Walmart had 'articulated such a non-retaliatory reason….'" *Id.* at 8 (emphasis added). Though not precedential, Walmart's characterizations of these decisions as "holdings" is otherwise accurate.

The District Court could not decide Walmart's motion for summary judgment without assessing the legitimacy of Walmart's practice of firing an employee for reporting a workplace injury one day after it occurred. Unless this Circuit reverses summary judgment based on the presence of direct evidence or pretext, it will also have to assess whether Walmart's practice conflicts with the Kansas public policy supporting the tort of retaliatory discharge. If the analysis reaches the question posed by Braxton, it "may be determinative" and is therefore certifiable. *See* K.S.A. § 60-3201.

3. **The Merits of Braxton's Argument are Irrelevant to the Motion**

Walmart's final argument is that certification should be denied because Braxton's argument is wrong. Of course, if Kansas precedent provided a "reasonably clear and principled course," then certification would be unnecessary. *See Pino*, 507 F.3d at 1236.

But that is simply not the case. The District Court acknowledged that "neither the Kansas Supreme Court nor the Tenth Circuit has addressed plaintiff's argument directly…." (App-III:25). This issue has not been decided by a Kansas court or a federal court analyzing Kansas law. When deciding a motion to certify, the relevant factors are whether the question might be dispositive, and whether the answer implicates a state's "judicial policy." *Pino*, 507 F.3d at 1236. Neither involves addressing the merits.

## CONCLUSION

Certification is appropriate. If the Kansas Supreme Court decides firing an employee for reporting a workplace injury one day after it occurs violates the public policy of Kansas, then reversal is required. Of course, Braxton's direct evidence argument would obviate the need for burden-shifting and make the question presented irrelevant. Alternatively, if burden-shifting applies and Walmart's articulated reason is "legitimate," then summary judgment would be reversed if Braxton's evidence of pretext is sufficient. Nevertheless, the question presented by Braxton "may be determinative" and involves an important issue of Kansas policy, making certification appropriate.

*Respectfully submitted by:*

**RALSTON KINNEY, LLC**

/s/ *Kenneth D. Kinney*
Kenneth D. Kinney, D.Kan. #78544
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel: (816) 298-0086
Fax: (816) 298-9455
Email: ken@rklawllc.com
*Attorney for Janell Braxton*

## CERTIFICATE OF SERVICE

    I certify that on May 11, 2022, the foregoing was electronically filed using the Court's CM/ECF system which will automatically send email notification of same to the following attorneys of record:

Christopher R. Hedican; chedican@bairdholm.com
Michael J. Roccaforte; mroccaforte@bairdholm.com
Amelia A. Fogleman; afogleman@gablelaw.com
Gerard M. DEmilio; gdemilio@gablelaw.com

                                          /s/ *Kenneth D. Kinney*
                                          Kenneth D. Kinney, D.Kan. #78544